# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| GILBERT CAMPA, | CV 22-128-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| INGRID ROSENQUIST, MICKEY ECKHART, | |
| Defendants. | |

Plaintiff Gilbert Campa ("Campa"), proceeding without counsel, brought suit alleging constitutional violations associated with his arrest and incarceration in Yellowstone County. (Doc. 2.) Because the initial filing was difficult to understand and largely illegible, Campa was directed to file an amended complaint using the Court's standard form. (Doc. 3.)

On December 7, 2022, Campa filed his first amended complaint. (Doc. 5.) The Court then entered a screening order and advised Campa of the deficiencies within the document. (Doc. 7 at 4-120.) Campa was provided one final opportunity to amend his complaint. (*Id.* at 20-21.) On April 27, 2023, Campa filed his second amended complaint. (Doc. 10.) The second amended complaint as pleaded fails to state a claim for federal relief and will be dismissed.

1

## STATEMENT OF THE CASE

Campa is a state prisoner currently incarcerated at Montana State Prison ("MSP"). The named defendants are Ingrid Rosenquist, a deputy Yellowstone County Attorney, who was involved in Campa's underlying state prosecution, and Mickey Eckhart, Campa's state probation officer. (Doc. 10 at 2.) Campa alleges the two defendants violated his Fourth Amendment right to be free of illegal seizure when they obtained "an illegal search warrant through deceit with no probable cause." (*Id.* at 3-4.) He asserts the two then violated his right to privacy when they had the US Marshalls Service ("USMS") execute this illegal search warrant via forcible entry into his home on December 7, 2020. (*Id.*)

As a result of his unlawful arrest, Campa also claims that his right to privacy, due process, and equal protection were each violated, as well as his right to be free of cruel and unusual punishment. (*Id.* at 3.) Campa asserts the USMS used excessive force when effectuating his arrest, which resulted in injury to his right bicep. (*Id.* at 5.) He states various family members witnessed his arrest and suffered attendant trauma and harm. (*Id.*)

Campa claims Defendants falsified information of bail jumping and falsified the subsequent warrant. These acts caused him to be incarcerated from December 7, 2020, to January 8, 2021. (Doc. 10-1 at 2.) Campa states he was first arrested for "bail jumping" on August 30, 2020, for failing to appear in court regarding

allegations that he had violated his probation. (Doc. 10-1 at 3.) Campa explains

that he posted bail on September 3, 2020. He then seems to allege that he was

arrested again for this same bail jumping warrant on December 7, 2020. (*Id.* at 3-

4.) He believes Defendants erred by failing to change the warrant to "inactive"

after the August 30, 2020, execution of the first warrant. (*Id.* at 4.) Campa asserts,

therefore, he was subjected to another $20,000 bail for the same warrant to which

he had already posted and been released. (*Id.*) Campa faults Defendants for not

properly categorizing the original warrant and, in turn, setting off the chain of

events that led to his arrest and injury. (*Id.* at 5-6.) Campa claims Defendant

Rosenquist maliciously prosecuted him in the past and seems to suggest that the

more recent incident is a repeat of what happened previously. (*Id.* at 6-8.)

Campa further casts suspicion on the part of Rosenquist, as she apparently

dismissed his bail jumping charge on the same day that he was sentenced to prison

for probation violations. (*Id.* at 8.)

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint is reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal

is required if it is frivolous, malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such

relief.

Rule 8 Fed. R. Civ. P. requires a complaint "that states a claim for relief

3

must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The allegations must cross "the line from conceivable to plausible." *Id.* at 680.

Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

## ANALYSIS

As a preliminary matter, Campa is advised this Court has reviewed the docket associated with *State v. Campa*, Cause No. DC20-1171, the bail jumping case which Campa has referenced throughout these proceedings. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)( proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue).[1]  Despite giving Campa multiple opportunities to amend and explain his claims, the Court was still having difficulty following the factual basis for the claims as set forth by Campa in his pleadings.

---

[1] The Clerk of Court will be directed to attach a copy of the docket to this Order for purposes of clarity.

Campa acknowledges in his second amended complaint that he missed a

court date on August 30, 2020, for a probation revocation proceeding. He

apparently was taken into custody and posted bail relative to that failure to appear.

On August 31, 2020, the State of Montana sought leave to file an information

charging Campa with felony bail jumping in *State v. Campa*, Cause No. DC20-

1171.[2] It appears that Campa subsequently failed to appear at his arraignment on

the bail jumping charge and the presiding judge, Hon. Donald L. Harris, issued a

bench warrant in the amount of $10,000 on September 8, 2020.[3] Campa was

arrested on that bench warrant in December of 2020. He was arraigned on the new

charge and his bond was set at $20,000.[4] On January 8, 2021, Campa posted a

surety bond through Mr. Bail, Inc.[5]

Thus, despite Campa's claims to the contrary, his arrest on August 30, 2020,

and his subsequent arrest in December of 2020 did not occur as a result of the same

warrant. The bail jumping charge was not even filed until *after* his August arrest

and, as Campa acknowledges, the initial arrest was a result of his failure to appear

at a revocation proceeding, not a new criminal charge and/or warrant. Further, to

the extent that Campa believes either Defendant supplied false information to the

---

[2] *See State v. Campa*, Cause No. DC20-1171, docket filing #1.00.
[3] *Id.*, docket filings ## 4.00 & 5.00.
[4] *Id.*, docket filings ## 9.00 & 11.00.
[5] *Id.*, docket filing #12.00.

district court in order to obtain a "search warrant" he is again mistaken.  Judge

Harris issued a bench warrant based upon Campa's failure to appear in court on

September 4, 2020.  That was the warrant upon which he was arrested by the

USMS in December 2020.

**Fourth Amendment**

Campa was previously advised that his due process claim falls squarely

within the Fourth Amendment. (Doc. 7 at 7-8.)[6]  The Fourth Amendment prohibits

arrests without probable cause or other justification.  *Dubner v. City & Cnty. of*

*S.F.*, 266 F. 3d 959, 964 (9th Cir. 2001).  All arrests, either with or without a

warrant, must be supported by probable cause.  *See United States v. Del Vizo*, 918

F. 2d 821, 825 (9th Cir. 1990).  Generally, an arrest pursuant to a warrant does not

violate the Fourth Amendment.  *See KRL v. Estate of Moore*, 512 F. 3d 1184, 1189

(9th Cir. 2008).  If judicial deception is involved, however, that is if a warrant

application contains deliberate falsehoods or a reckless disregard for the truth,

including omissions, *see Chism v. Washington*, 661 F. 3d 380, 386-89 (9th Cir.

2011), or if the warrant application is so lacking in indicia of probable cause that it

renders official belief in probable cause unreasonable, *see KRL*, 512 F. 3d at 1189-

90, then the existence of the warrant will not immunize the officer for an arrest

---

[6] This Court also explained why the Fifth Amendment was inapplicable to Campa's case.  (Doc. 7 at 7.)

without probable cause. *See Smith v. Alamada*, 640 F. 3d 931, 937 (9th Cir. 2011).

Campa's claims in the present matter do not undermine the warrant's validity. As set forth above, it was not a "search warrant" sought by the Defendants, but rather was a bench warrant the district court issued following Campa's failure to appear in his new criminal case, DC 20-1171. Thus, it appears the warrant was supported by probable cause. Moreover, Campa has not shown that there was any judicial deception involved in the warrant itself. Finally, to the extent that Campa alleges the bail jumping itself was invalid because Rosenquist ultimately dismissed the charge, the Court observes the dismissal was without prejudice, occurred nearly two years after the initial charge, and was done in conjunction with the resolution of other criminal matters, specifically Campa's probation revocation proceedings. Thus, there is no basis for this Court to reasonably infer that probable cause was lacking or that the 2020 arrest warrant was invalid. Campa fails to state a claim.

While Campa continues to allege an Eighth Amendment violation occurred during his arrest, it appears he is alleging excessive use of force. Section 1983 claims arising from allegedly excessive force during the "arrest, investigatory stop, or other 'seizure' of a free citizen" are governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Despite being given several opportunities to do so, Campa fails to identify or name any of the arresting officers

7

as defendants. Further, there is no indication that either Rosenquist or Eckhart were involved in the arrest and alleged use of force against Campa. Accordingly, his complaint as plead fails to state a viable excessive use of force claim.

To the extent that Campa's complaint can be read to assert a claim for false imprisonment, absent a cognizable wrongful arrest claim, an independent claim under § 1983 for false imprisonment ordinarily does not exist. *See Baker v. McCollan*, 443 U.S. 137, 142-45 (1979). When a detention occurs as the result of a false arrest, a false imprisonment claim may arise based on a deprivation of liberty. *See Baker*, 443 U.S. at 142. Campa has not shown that he was falsely arrested or that the persons detaining him were involved in or aware of the wrongful nature of the arrest. *Id.* at 1526-27. Thus, Campa has not stated a valid claim for false arrest or false imprisonment.

**Fourteenth Amendment**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F. 3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational basis for difference in treatment. *Village of Willowbrook v.*

8

*Olech*, 528 U.S 562, 564 (2000)(per curiam). "When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim." *North Pacifica LLC v. City of Pacifica*, 526 F. 3d 478, 486 (9th Cir. 2008)(*quoting Olech*, 528 U.S. at 564).

Again, despite being advised of the relevant standards, Campa has not alleged that he is a member of a protected class or that there was no rational basis for treating him differently than other similarly situated individuals. He has not set forth sufficient facts to support an inference that he was discriminated against because he was a member of the class. Accordingly, the Court finds his bare conclusions are insufficient to state a viable equal protection claim against defendants. This claim, too, will be dismissed.

Campa's allegations in the second amended complaint are insufficient to state a claim and will be dismissed. "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (internal quotations omitted.) Campa has already been provided two opportunities to amend his complaint, the Court concludes amendment would be futile.

**IT IS HEREBY ORDERED:**

1.    Plaintiff's case is DISMISSED for failure to state a federal claim. Amendment would be futile.

2.     The Clerk of Court is directed to file a copy of the docket sheet from

*State v. Campa*, Cause No. DC-20-1171, as an exhibit to this Order.

3.     The Clerk of Court is directed to enter judgment, pursuant to F. R.

Civ. P. Rule 58.

4.     The Court certifies that any appeal of this decision would not be taken

in good faith.

5.     Filing of this action counts as one strike against Campa under 28

U.S.C. § 1915(e)(2)(B)(ii).

DATED this 29th day of August, 2022.

Susan P. Watters
United States District Court Judge